**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TANCI  ISSA BALZAN,  #42495-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **3:12-CV-4815-D-BK** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge.  Petitioner, a federal detainee, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons that follow, it is recommended that the petition be summarily dismissed with prejudice.

**I.  BACKGROUND**

In 2010, the government filed a complaint under 18 U.S.C. § 3184, on behalf of the Country of Argentina, requesting that Balzan be certified as extraditable to stand trial in Argentina for fraud, stemming from the theft of dresses, clothing, and purse designs, as well as sketches of clothing.  *United States v. Balzan*, 3:10-MJ-340-BH (N.D. Tex.) (Doc. 1).  After an extradition hearing, the undersigned found that Petitioner had been charged with an extraditable offense and that there was probable cause to believe that he had committed the charged offenses.  *Id.*, Tr. (Doc. 37) at 39-40.  In response to the Government's inquiry about finding probable cause as to a "dog offense," the undersigned clarified that the dog offense was not included in the complaint.  *Id.* at 41.  Through appointed counsel, Petitioner unsuccessfully appealed the certification and commitment order, by filing a petition for a writ of habeas corpus under 28

U.S.C. § 2241. *Balzan v. United States*, No. 3:11-CV-1155-N-BH, 2011 WL 4840730 (N.D. Tex. Sep. 11, 2011), accepting findings and recommendation, 2011 WL 4840726 (N.D. Tex. Oct. 11, 2011) (denying habeas petition with prejudice), *aff'd*,  --- F.3d ----, 2012 WL 6062561 (5th Cir. Dec. 7, 2012).

In this *pro se* petition, filed on November 27, 2012, Petitioner requests the issuance of a "new Certification and Committal for extradition" that "specifically indicat[es] for what offense [Petitioner] is being extradited for [sic]." (Doc. 1 at 7). Although the Court and the government "concurred that the 'dog offense' was not included in the extradition hearing," Petitioner asserts that the Certification and Committal "indicate[s] all offenses" and that the Court "erred in so ruling 'on all offenses' because the Government concurred on one offense only." *Id.* at 5-6.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[1]

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Section 2254 Rules are applicable to habeas petitions not covered under section 2254.

The Government's complaint sought extradition of Petitioner to Argentina for fraud relating to the theft of dresses, clothing, and purse designs, as well as sketches of clothing. Following an evidentiary hearing, the Court found probable cause to believe that Petitioner committed the offenses alleged in the complaint and the Certification and Committal order correctly certified extradition "on all offenses for which extradition was requested." The Government did not seek extradition on the "dog offense," as the Court noted at the hearing and as Petitioner concedes in his pleadings. Therefore, Petitioner's request for clarification is frivolous and his petition should be summarily dismissed.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice.

SIGNED December 11, 2012.


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE